**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-PO-924 |
| | ) | |
| SHAKIRA HARPER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 13, 2026, Defendant Shakira A. Harper, proceeding *pro se*, filed a letter in the Clerk's Office dated July 9, 2026 ("Motion," ECF No. 14), asking the Court to expunge her record in this case. On July 15, 2026, the Court ordered the United States to file a response, and on July 31, 2026, the United States filed its opposition to the Motion. (ECF No. 15.) In further support of its opposition, on August 5, 2026, the United States filed Exhibit 1. (ECF No. 16).

By way of background, on April 14, 2018, officers pulled over Ms. Harper on the Pentagon Reservation and issued her three citations: Citation 7523301 for failing to stop at a posted stop sign ("Stop Sign Violation"); Citation 7523302 for driving under the influence ("DUI"); and Citation 7523303 for refusal or failure to submit to a blood alcohol concentration test ("Refusal"). On May 18, 2018, Ms. Harper pleaded guilty to Refusal, and the Court dismissed the Stop Sign Violation and the DUI. The Court sentenced Ms. Harper the same day. (ECF No. 9.)

In her Motion, Ms. Harper asks for "[e]xpungement of this matter" because it "continues to present an obstacle" for her advancement opportunities as a government employee. (ECF No. 14

at 2.) Ms. Harper asserts that she has committed no further crimes or traffic offenses since the 2018 charges, that she has complied with and successfully completed her term of probation, and that she otherwise is a member of good standing in society. (*Id.*)

The Court recognizes and commends Ms. Harper for her good behavior while on probation and her good conduct since this incident. The Court also is sympathetic to her concern that her charges—including those that the Court dismissed without a finding of guilt—may impact her ability to seek employment for certain positions.

The United States opposes the Motion. It explains in its opposition that Ms. Harper cites no statutory basis to expunge the charges and none otherwise exists to support the request. (ECF No. 15.)

"Federal courts, unlike state courts, are courts of limited jurisdiction with specific jurisdictional requirements and limitations." *United States v. Mitchell*, 683 F. Supp. 2d 427, 428 (E.D. Va. 2010) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). No constitutional provision provides for the expungement of criminal records, and Congress has authorized courts to expunge criminal charges in only "discrete and limited circumstances," none of which apply here.[1] *See United States v. Mettetal*, 714 F. App'x 230, 233, 236 n.4 (4th Cir. 2017). The Court cannot exercise original jurisdiction over the Motion, "because the act of entering judgment of a conviction in defendant's criminal case divests a district court of original jurisdiction over [a] defendant's case." *Mitchell*, 683 F. Supp. 2d at 432. Therefore, the Court treats Ms. Harper's Motion as a request to expunge her records for equitable reasons, which must rest on some concept of ancillary jurisdiction.

[1] For example, 10 U.S.C. § 1565(e) (requiring expungement of DNA records after a court overturns a military conviction); 18 U.S.C. § 3607(c) (permitting expungement of criminal records in enumerated drug possession cases); 21 U.S.C. § 844a(j) (allowing for expungement of civil penalty records in certain drug possession cases; and 42 U.S.C. § 14132(d) (permitting expungement of FBI DNA records in certain cases after a conviction is overturned).

The Supreme Court has concluded that federal courts may invoke the doctrine of ancillary jurisdiction in only two circumstances: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent"; and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (citations omitted).

However, the Fourth Circuit, in several unpublished opinions, has followed "seven of [its] sister circuits" in holding that federal courts may not rely on "ancillary jurisdiction to expunge criminal records for purely equitable reasons." *Mettetal*, 714 F. App'x at 234-35; *see also United States v. Kennedy*, 835 F. App'x 695 (4th Cir. 2021) ("[F]ederal ancillary jurisdiction does not extend to petitions for equitable expungement."); *United States v. Happel*, 770 F. App'x 147, 148 (4th Cir. 2019) (same). Courts in the Eastern District of Virginia have reached the same conclusion. *See Mitchell*, 683 F. Supp. 2d at 432-33; *United States v. Colon*, No. 2:90-CR-147, 2017 WL 838660, at *2 (E.D. Va. Mar. 3, 2017); *United States v. Taylor*, No. 3:12-MJ-230, 2014 WL 1713485, at *1 (E.D. Va. Apr. 29, 2014).

As discussed, federal courts are of limited jurisdiction that may adjudicate matters only where they have an explicit constitutional or statutory grant of authority or properly limited ancillary jurisdiction. Because courts within the Fourth Circuit have determined that ancillary jurisdiction does not apply to the expungement of criminal convictions solely on equitable grounds, it is hereby ORDERED that Defendant's Motion is DENIED.

Entered this 18th day of August 2026.

William B. Porter
United States Magistrate Judge

Alexandria, Virginia